IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| UNION ELECTRIC COMPANY | ) | |
| d/b/a AMERENUE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-4375-CV-C-NKL |
| | ) | |
| BERNARD MOWINSKI, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court is Union Electric Company's ("UE") Motion to Enforce Settlement [Doc. # 17]. For the reasons set forth below, the Court grants UE's Motion.

**I.     Background**

In its capacity as a regulatory administrator for the Lake of the Ozarks, UE sued Bernard Mowinski ("Mowinski") because he improperly constructed a boat dock without a permit. *See* UE Complaint [Doc. # 1]. Mowinski's counsel filed an Answer and UE subsequently scheduled Mowinski's deposition.

Prior to taking Mowinski's deposition, UE and Mowinski resolved the case. UE's counsel drafted a Consent Judgment that contained the terms of the parties' agreement. The parties planned to submit the Consent Judgment to the Court for its approval, but

1

have not yet done so.[1]  According to the parties' Settlement Agreement, Mowinski was required to modify his boat dock to conform to UE's specifications.  The modification was to be completed before May 15, 2006.  Within thirty days after completing the modification, Mowinski was required to submit an application to UE for a permit for the boat dock.  Assuming Mowinski made the modifications contained in the Settlement Agreement, UE agreed to issue the permit.  Other than making the changes listed in the Settlement Agreement, Mowinski was precluded from modifying his boat dock without a permit from UE.  If Mowinski failed to comply with the terms of the Settlement Agreement, then UE had the authority to remove his boat dock from the waters of the Lake of the Ozarks.

UE's counsel, Colly Durley ("Durley"), submitted an affidavit stating that the Consent Judgment reflects the parties' settlement agreement.[2]  She states that she sent the draft of the Consent Judgment to Mowinski's counsel for his review, but Mowinski's counsel never responded to her.  Durley states that she attempted to follow up with Mowinski's counsel on four additional occasions, but she never heard back from him.  UE subsequently filed its pending Motion and Mowinski did not submit a response.

## II. Discussion

"Settlement agreements are governed by basic principles of contract law."  *Sheng*

---

[1] The Consent Judgment is attached to UE's pending Motion as Exhibit 1 [Doc. # 17].  Because it has not previously been adopted by the Court, it will be referred to generally as the "Settlement Agreement."

[2] Durley's affidavit is attached to UE's pending Motion as Exhibit 2 [Doc. # 17].

*v. Starkey Laboratories, Inc.*, 53 F.3d 192, 194 (8th Cir. 1995) (citing *Devils Lake Sioux Tribe v. North Dakota*, 917 F.2d 1049, 1055 (8th Cir. 1990)).  When the terms of a settlement agreement are clear and unambiguous, a court "has the inherent power to summarily enforce [it] as a matter of law . . . ."  *Gatz v. Southwest Bank of Omaha*, 836 F.2d 1089, 1095 (8th Cir. 1988) (citations omitted).  A hearing is necessary "only if there are substantial questions of fact that are not already a matter of record." *Barry v. Barry*, 172 F.3d 1011, 1013 (8th Cir. 1999) (citation omitted).

UE has submitted undisputed facts that it reached an agreement whereby Mowinski would make the specified modifications to his boat dock and UE would grant him a permit for his remodeled boat dock.  UE's counsel made diligent attempts to formalize the agreement with Mowinski, but neither Mowinski nor his counsel ever responded.  The Court finds that the parties reached an enforceable settlement agreement and the terms of that agreement are encompassed in the draft Consent Judgment attached to UE's pending Motion.

The Court does not need to conduct an evidentiary hearing because there are no "substantial questions of fact" to be resolved.  *Barry*, 172 F.3d at 1013.  Mowinski did not dispute any of the terms contained in the Consent Judgment.

### III. Conclusion

Accordingly, it is hereby

ORDERED that UE's Motion to Enforce Settlement [Doc. # 17] is GRANTED. The "Consent Judgment" set forth in Exhibit 1 is an enforceable settlement agreement, is

approved and is incorporated herein by reference.

                                                  s/ Nanette K. Laughrey
                                                  NANETTE K. LAUGHREY
                                                  United States District Judge

DATE: June 13, 2006
Jefferson City, Missouri