# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

UNION ELECTRIC COMPANY )
d/b/a AMERENUE, )
)
       Plaintiff, )
)
       v. )      Case No. 05-4375-CV-C-NKL
)
BERNARD MOWINSKI, )
)
       Defendant. )

## AMENDED ORDER

Pending before the Court is Union Electric Company's ("UE") Motion to Enforce

Settlement [Doc. # 17].  For the reasons set forth below, the Court grants UE's Motion.

## I.    Background

In its capacity as a regulatory administrator for the Lake of the Ozarks, UE sued

Bernard Mowinski ("Mowinski") because he improperly constructed a boat dock without

a permit.  *See* UE Complaint [Doc. # 1].  Mowinski's counsel filed an Answer and UE

subsequently scheduled Mowinski's deposition.

Prior to taking Mowinski's deposition, UE and Mowinski resolved the case.  UE's

counsel drafted a Consent Judgment that contained the terms of the parties' agreement.

The parties planned to submit the Consent Judgment to the Court for its approval, but

1

have not yet done so.[1]  According to the parties' Settlement Agreement, Mowinski was

required to modify his boat dock to conform to UE's specifications.  The modification

was to be completed before May 15, 2006.  Within thirty days after completing the

modification, Mowinski was required to submit an application to UE for a permit for the

boat dock.  Assuming Mowinski made the modifications contained in the Settlement

Agreement, UE agreed to issue the permit.  Other than making the changes listed in the

Settlement Agreement, Mowinski was precluded from modifying his boat dock without a

permit from UE.  If Mowinski failed to comply with the terms of the Settlement

Agreement, then UE had the authority to remove his boat dock from the waters of the

Lake of the Ozarks.

UE's counsel, Colly Durley ("Durley), submitted an affidavit stating that the

Consent Judgment reflects the parties' settlement agreement.[2]  She states that she sent the

draft of the Consent Judgment to Mowinski's counsel for his review, but Mowinski's

counsel never responded to her.  Durley states that she attempted to follow up with

Mowinski's counsel on four additional occasions, but she never heard back from him.

UE subsequently filed its pending Motion and Mowinski did not submit a response.

**II.     Discussion**

"Settlement agreements are governed by basic principles of contract law."  *Sheng*

---

[1]The Consent Judgment is attached to UE's pending Motion as Exhibit 1 [Doc. # 17].
Because it has not previously been adopted by the Court, it will be referred to generally as the
"Settlement Agreement."

[2]Durley's affidavit is attached to UE's pending Motion as Exhibit 2 [Doc. # 17].

*v. Starkey Laboratories, Inc.*, 53 F.3d 192, 194 (8th Cir. 1995) (citing *Devils Lake Sioux Tribe v. North Dakota*, 917 F.2d 1049, 1055 (8th Cir. 1990)).  When the terms of a settlement agreement are clear and unambiguous, a court "has the inherent power to summarily enforce [it] as a matter of law . . . ."  *Gatz v. Southwest Bank of Omaha*, 836 F.2d 1089, 1095 (8th Cir. 1988) (citations omitted).  A hearing is necessary "only if there are substantial questions of fact that are not already a matter of record."  *Barry v. Barry*, 172 F.3d 1011, 1013 (8th Cir. 1999) (citation omitted).

UE has submitted undisputed facts that it reached an agreement whereby Mowinski would make the specified modifications to his boat dock and UE would grant him a permit for his remodeled boat dock.  UE's counsel made diligent attempts to formalize the agreement with Mowinski, but neither Mowinski nor his counsel ever responded.  The Court finds that the parties reached an enforceable settlement agreement and the terms of that agreement are encompassed in the draft Consent Judgment attached to UE's pending Motion.

The Court does not need to conduct an evidentiary hearing because there are no "substantial questions of fact" to be resolved.  *Barry*, 172 F.3d at 1013.  Mowinski did not dispute any of the terms contained in the Consent Judgment.

### III.    Conclusion

Accordingly, it is hereby

ORDERED that UE's Motion to Enforce Settlement [Doc. # 17] is GRANTED.

The "Consent Judgment" set forth in Exhibit 1 is an enforceable settlement agreement, is

approved and is incorporated herein by reference.  The consent judgment is entered

against Mowinski and in favor of UE.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

DATE: August 18, 2006
Jefferson City, Missouri